IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRIAN CLARKE,

    Petitioner,

v.                                                               CASE NO. 5:09-cv-382-RH-AK

WALTER A. McNEIL,

    Respondent.
_____/

# **O R D E R**

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by Bryan Clarke, and Doc. 4, Petitioner's motion for leave to proceed as a pauper. Upon due consideration, the motion, Doc. 4, is **GRANTED**.

Upon review of the Petition, the Court finds that it is deficient in several respects. Petitioner failed to use the Court's form for § 2254 petitions, which requires Petitioners to furnish certain information necessary to the Court's review. Further, Petitioner is apparently challenging multiple prison disciplinary convictions. Petitioner must file a separate petition and either pay the $5.00 habeas corpus filing fee or file a motion for leave to proceed as a pauper for each prison disciplinary case that he is challenging. Petitioner must show that he exhausted prison administrative remedies and state-court remedies with respect to each disciplinary conviction. It is apparent from a review of the Petition that Petitioner has not pursued state-court remedies with respect to at least some of the challenged disciplinary convictions. Finally, the

instant Petition includes claims that are not cognizable in a federal habeas corpus petition. For example, Petitioner appears to assert claims pursuant to the Americans with Disabilities Act. Such claims must be filed pursuant to a federal civil rights complaint, after paying the $350.00 filing fee or filing a motion for leave to proceed as a pauper.

Because Petitioner is proceeding *pro se*, he will be afforded an opportunity to file an amended petition addressing only the prison disciplinary case that he seeks to challenge in this proceeding. Accordingly, it is **ORDERED**:

That the Clerk of Court shall forward to Petitioner four § 2254 forms;

That no later than **February 4, 2010**, Petitioner shall file an "amended petition" as explained in this order, along with two identical copies including any exhibits. He shall also keep an identical copy for his records;

**That failure to respond to this Order as instructed will result in a recommendation of dismissal of this action for failure to prosecute and failure to comply with an order of this court.**[1]

**DONE AND ORDERED** this _5th_ day of January, 2010.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

---

[1] Petitioner should note that if he fails to respond to this Order and this case is dismissed, that any subsequently-filed habeas petition in this Court challenging the same disciplinary conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. See 28 U.S.C. § 2244(d)(1). Although the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).